IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFFORD de LOUIS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | 1:04-CV-2816-CC |
| | : | |
| METROPOLITAN ATLANTA | : | |
| RAPID TRANSIT AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The above-styled action is before the Court on Defendant Metropolitan Atlanta Rapid Transit Authority's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Remittitur [Doc. No. 129] and Plaintiff Clifford de Louis' Motion to File Bill of Costs Out of Time [Doc. No. 133]. The Court **DENIES** Defendant's Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Remittitur. The Court **DENIES** Plaintiff's Motion to File Bill of Costs Out of Time.

On Friday, March 2, 2007, a jury verdict was rendered on special interrogatories in this action following an eight-day trial. The jury found that Defendant Metropolitan Rapid Transit Authority ("Defendant" or "MARTA") did not breach the Separation Agreement between MARTA and Plaintiff Clifford de Louis ("Plaintiff" or "de Louis") by failing to provide disability benefits. The jury also found that MARTA did not terminate de Louis in violation of the retaliation provisions of the Federal False Claims Act. Finally, the jury found that MARTA was liable to de Louis under the alternative theory of promissory estoppel and awarded him disability benefits in the amount of $115,000.00. On March 7, 2007, the Clerk of Court entered judgment on the jury verdict.

MARTA presently moves the Court to enter judgment notwithstanding the

verdict on the promissory estoppel claim.  A court may enter judgment notwithstanding the verdict "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a); see also Fed. R. Civ. P. 59 (permitting the Court to alter or amend a judgment).  A motion for judgment as a matter of law that is not granted by the court before the case is submitted to the jury (as in the instant case) may be renewed after the entry of judgment.  If the jury reaches a verdict, the court may "allow the judgment to stand," "order a new trial, or . . . direct entry of judgment as a matter of law." Fed. R. Civ. P. 50(b)(1).  The United States Supreme Court has addressed the standard of review as follows:

> [T]he standard for granting summary judgment mirrors the standard for judgment as a matter of law, such that the inquiry under each is the same.  It therefore follows that, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record.  In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.  Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.  Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.  That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-151, 120 S.Ct. 2097, 147 L.Ed. 2d 105 (2000).  The Eleventh Circuit has held that "[i]f reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions based on the evidence presented, the motion should be denied." Montgomery v. Noga, 168 F.3d 1282, 1289 (11th Cir. 1999) (citation omitted). Having considered the foregoing standards, the Court concludes that MARTA's Motion for Judgment Notwithstanding the Verdict is due to be denied.  Plaintiff's promissory estoppel claim is adequately supported by the evidence of record, including without limitation the confirmation of benefits statement that MARTA provided to Plaintiff

and the premiums that MARTA subsequently deducted from the checks made to Plaintiff.

MARTA alternatively moves the Court for remittitur of the jury verdict in this case with respect to the damages awarded Plaintiff.  MARTA suggests that the evidence presented supports an award of no more than $91,599,58.  When it is determined that the damages awarded by a jury are excessive but the finding of liability is supported by the evidence, it is appropriate to order remittitur.  See Wilson v. Taylor, 733 F.2d 1539, 1549-1550 (11th Cir. 1994), overruled on other grounds, Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989).  The trial court "should remit that portion of the excessive verdict which is above the maximum recovery which the jury could have properly awarded under the evidence and law applicable."  Neil v. Toyota Motor Corporation, 823 F. Supp. 939, 942 (N.D. Ga. 1993).  The Court concludes that a reasonable and fairminded jury, viewing the evidence in the light most favorable to Plaintiff, could find that $115,000.00 was an appropriate amount of economic damages.  The Court will not disturb the award.

Plaintiff moves the Court for leave to file his Bill of Costs Out of Time.  Local Rule 54.1 provides the following regarding bills of costs: "A bill of costs must be filed by the prevailing party within thirty (30) days after the entry of judgment.  A bill of costs which is not timely filed will result in the costs not being taxed as a part of the judgment."  In the case at bar, the Clerk of Court entered judgment on March 7, 2007, whereas Plaintiff did not file the instant motion until May 16, 2007, which was more than sixty (60) days after the entry of judgment.  While MARTA filed a Motion for Judgment Notwithstanding the Verdict or, in the Alternative, Remittitur, the Court is unaware of any authority holding that MARTA's motion tolled the time for Plaintiff to seek costs.  See Feddersen v. Feddersen, 191 F.R.D. 490 (D.V.I. 2000).  Further, Plaintiff has not pointed to any such authority.  Therefore, the Court denies

Plaintiff's Motion to File Bill of Costs Out of Time.

SO ORDERED this 31st day of March, 2008.

*s/ CLARENCE COOPER*

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE